IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RODNEY B. ALLEN, 28935-077, ) | |
| Plaintiff, ) | |
| v. ) | No. 3:13-CV-1480-B |
| SHAMELLE N. LYLES, ET AL., ) | |
| Defendants. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I.   FACTUAL BACKGROUND**

Plaintiff is a federal prisoner. He files this complaint pursuant 42 U.S.C. § 1983, *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971), the Federal Tort Claim Act ("FTCA") and he also raises Texas state law claims of negligence and intentional infliction of emotional distress. Defendants are Department of Justice Program Analyst Shamelle Lyles, the United States, Dallas County District Attorney Craig Watkins, Dallas County Assistant District Attorney Michael Ware, the Innocence Project of Texas and Innocence Project of Texas employee Lupe Ponciano. Plaintiff is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Process has not issued pending preliminary screening.

Plaintiff claims that Defendants conspired with each other to conceal misconduct by the police, prosecutors and the courts in Plaintiff's criminal cases. Plaintiff states that on December 20, 1995, he was wrongfully arrested in Dallas County and charged with unlawful use of a motor

**Findings, Conclusions and Recommendation
 of the United States Magistrate Judge**     Page 1

vehicle in cause number F-9522203-L. He states that in a separate incident on December 31, 1995, he was charged in Dallas County with unlawfully carrying a weapon in cause number MA-936764-C, Driving While License Suspended in cause number MB-9366766-C, Failure to Identify as a Fugitive in cause number MB-9636765-C and Aggravated Assault in cause number F-9576723-L. Finally, on August 19, 1996, Plaintiff was charged in federal court with being a felon in possession of a firearm. *United States v. Rodney Bernard Allen*, No. 3:96-CR-256-X (N.D. Tex.). On April 2, 1997, he was sentenced in federal court to 293 months in prison. Plaintiff states that after he was sentenced in his federal case, all state charges against him were dismissed.

Plaintiff claims that police falsified the charges against him and planted evidence to support their charges. He states that on November 17, 2008, he wrote a letter to Defendant Craig Watkins about the police, prosecutor and judicial misconduct, but that Watkins took no action. He claims the Innocence Project and Innocence Project employee Ponciano performed an inadequate investigation of his claims and conspired with the other Defendants to conceal the misconduct. It appears Defendant Michael Ware was a prosecutor in one of Plaintiff's state cases. He states Department of Justice employee Shamelle Lyles conspired with the other Defendants, but he does not allege any facts against this Defendant. Plaintiff seeks to enjoin Defendants from depriving him of his rights, and he seeks money damages.

## II.     DISCUSSION

### 1.     Screening

A district court may summarily dismiss a complaint filed *in forma pauperis* if it

concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*" Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

**2.     Statute of Limitations**

Plaintiff states he files suit under *Bivens*. A *Bivens* action is analogous to an action under 42 U.S.C. § 1983 except that § 1983 applies to state actors, rather than federal actors. *Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005). Analysis of *Bivens* claims therefore "parallel the analysis used to evaluate state prisoners' § 1983 claims." *Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994) (citation omitted).

There is no federal statute of limitations for a *Bivens* claim. The Court therefore applies the general personal injury limitations period of the forum state. *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). In Texas, the statute of limitations is two years. *Cooper v. Brookshire*, 70 F.3d 377, 380 n.20 (5th Cir. 1995); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West 2013).

It is unclear if Plaintiff alleges violations under 42 U.S.C. § 1983 against the non-federal Defendants. In an abundance of caution, the Court will assume Plaintiff raises this claim. A civil rights action under 42 U.S.C. § 1983 is also governed by a two-year statute of limitations. *See Owens v. Okure,* 488 U.S. 235, 250 (1989) (stating federal court should look to general personal injury limitations period of forum state); *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990) (finding limitations period in Texas is two years).

Plaintiff also raises state law claims of intentional infliction of emotional distress and negligence. The statute of limitations for these claims is two years. *See* TEX. CIV. PRAC. & REM. Code § 16.003(a); *Patrick v. McGowan*, 104 S.W.3d 219, 224 (Tex. App. – Texarkana 2003, no pet.); *Doe v. Catholic Diocese of El Paso*, 362 S.W.3d 707, 717 (Tex. App. – El Paso 2011, no pet.).

Under federal law, a "cause of action accrues, so that the statutory period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). In this case, Plaintiff's state charges occurred in 1995 and his federal trial was held in 1997. In the Unlawful Use of a Motor Vehicle case, cause number F-9522203-L, Plaintiff alleges the crime never happened. In the Unlawful Carrying of a Weapon case, cause number MA-936764-C, Plaintiff claims a police officer planted the weapon in the glove compartment of his car. In the federal felon in possession of a firearm case, Plaintiff was charged with the firearm case after shooting a complainant. Plaintiff claims the complainant was never shot. He states "The whole story is false. It was fabricated, made up, and presented before the jury, to make them believe that Plaintiff was in possession of a

firearm." (Compl. at 9.) It is clear that Plaintiff knew of each of these claims in 1995 and 1997. Further, Plaintiff states that on November 17, 2008, he sent a letter to Defendant Craig Watkins informing him of the alleged police, prosecutor and judicial misconduct in his criminal cases. He did not file this complaint, however, until April 16, 2013. Plaintiff's *Bivens*,1983, negligence and intentional infliction of emotional distress claims are therefore barred by limitations.

3. **Conspiracy**

Plaintiff alleges a conspiracy by all Defendants to conceal the alleged police, prosecutor and judicial misconduct. The elements of a civil conspiracy are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as a proximate result. *Homoki v. Conversion Servs. Inc.*, No. 11-20371, 2013 WL 2319272 at *11 (5th Cir. May 28, 2013).

In this case, Plaintiff has provided no facts to support his claim. "Plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based. Bald allegations that a conspiracy existed are insufficient." *Anderson v. Law Firm of Shorty, Dooley and Hall*, 393 Fed. Appx. 214, 217 (5th Cir. 2010) (quoting *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987)). Plaintiff has pled the bare allegation that a conspiracy existed. His claim is insufficient and should be dismissed.

4. ***Heck***

Plaintiff claims the facts underlying his federal conviction were fabricated to cause the jury to convict him. Plaintiff's claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). That decision holds that a prisoner cannot bring a § 1983

action challenging his conviction or confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *Heck* applies under § 1983 to bar both damages and equitable relief. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

In this case, Plaintiff has not shown that his federal conviction has been reversed or declared invalid. Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

**5.     FTCA**

Plaintiff states Defendants violated the FTCA. The FTCA contains a limited waiver of sovereign immunity allowing suit against the United States. *See* 28 U.S.C. § 2671, *et seq*. Under the FTCA, however, exhaustion of administrative remedies is a jurisdictional prerequisite. The FTCA bars a claimant from bringing suit in federal court unless he filed an administrative claim with the appropriate federal agency and either obtained a written denial or waited six months. *See* 28 U.S.C. § 2675(a). In *McNeil v. United States*, 508 U.S. 106, 112 (1993), the Supreme Court held that failure to completely exhaust administrative remedies prior to filing a claim under the FTCA is a jurisdictional defect that cannot be cured by administrative exhaustion after suit is filed. Subsequent to *McNeil*, the Fifth Circuit reaffirmed that exhaustion of administrative remedies is jurisdictional where the United States is a defendant, and that the requirement cannot be waived. *Price v. United States*, 69 F.3d 46, 54 (1995). Therefore, a prematurely filed FTCA

claim "cannot become timely by the passage of time after the complaint is filed." *Id*. (citing *McNeil*, 508 U.S. at 106).

In this case, Plaintiff included a copy of the administrative FTCA claim that he filed. (Compl. at 28.) The claim was denied because it did not make any allegations against the United States. (*Id*. at 31.) His administrative FTCA claim only alleged claims against Craig Watkins, Michael Ware, the Innocence Project and Innocence Project employee Lupe Ponciano. The FTCA does not apply to these non-federal defendants. Plaintiff has not exhausted his FTCA claims against the United States. Plaintiff's FTCA claims should therefore be dismissed.

**RECOMMENDATION**

The Court recommends that: (1) Plaintiff's *Bivens*, § 1983, negligence and intentional infliction of emotional distress claims should be dismissed as barred by the statute of limitations; (2) Plaintiff's conspiracy claims should be dismissed under § 1915(e)(2)(B); (3) Plaintiff's claims challenging his federal conviction in *United States v. Rodney Bernard Allen*, No. 3:96-CR-256-X (N.D. Tex.), should be dismissed until the *Heck* conditions are met; and (4) Plaintiff's FTCA claims should be dismissed for failure to exhaust administrative remedies.

Signed this 4th day of June, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).